Dear Honorable Riggs,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
 Is 19 O.S. 131(c) (1978) unconstitutional in that it denied county officers equal protection of the law?
Title 19 O.S. 131(c) (1978) provides, in pertinent part, as follows:
 "(c) A county officer shall not, unless he resigns from the office held by him, be eligible to become a candidate for another county office or state office."
When addressing an equal protection issue, it must first be determined what level of scrutiny should be applied to justify the legislative classification. The Supreme Court in Bullock v. Carter, 405 U.S. 134,31 L.Ed.2d 92, 92 S.Ct. 849 (1972) stated that not every limitation or incidental burden on the exercise of voting rights is subject to a stringent standard of review under the equal protection clause of theFourteenth Amendment. The Court further stated that the existence of state barriers to candidate access to the primary ballot, thereby tending to limit the field of candidates from whom voters may choose, does not of itself compel close scrutiny under the equal protection clause of theFourteenth Amendment; in approaching candidate restrictions, it is essential to examine in a realistic light the extent and nature of their impact on voters. By virtue of 19 O.S. 131(c) county officers are not precluded per se from becoming candidates. They have a choice of remaining in their present office or resigning and becoming a candidate for another office.
In Holly v. Adams, 238 So.2d 401 (Fla. 1970) the Supreme Court of Florida construed a state statute providing that `No individual may qualify as a candidate for public office who holds another elective or appointive office, * * * the term of which or any part thereof runs concurrent to the term of office for which he seeks to qualify without resigning from such office * * * prior to the first day of qualifying for the office he intends to seek. The Court states that the statute does not relate to the qualifications one must possess in order to hold office, but merely the conditions under which he may become eligible to be a candidate; the statute is not a limitation upon the right to seek another office, since the incumbent of an office has the choice of retaining it unmolested or giving it up and seeking another.
Likewise, the United States Court of Appeals in Morial v. Judiciary Commission, 565 F.2d 295, 302 (5th Cir. 1977) stated:
 "Exclusion of judges from the pool of prospective candidates cannot be supposed to have a qualitatively different effect on the interests of voters than the analogous exclusion of equally talented and experienced federal and state civil servants, an exclusion which the Supreme Court found constitutional in Letter Carriers and Broadrick."
Therefore, the impairment of county officers' interest in political expression and association is not sufficient to compel the strictest constitutional review. See C.S.C. v. Letter Carriers, 413 U.S. 548, 37 L.Ed.2d 7g6, 93 S.Ct. 2880 (1973); Broadrick v. Oklahoma, 413 U.S. 706,37 L.Ed.2d 830, 93 S.Ct. 2908 (1973); Magill v. Lynch, 560 F.2d 22 (1st Cir. 1977).
The test to be applied in determining whether 19 O.S. 131 (1978) (c) denied county officers equal protection of the law is whether that statute is reasonably necessary to a legitimate state interest. Lubin v. Parrish, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974); Bulluck v. Carter, supra.
Similar interests were examined in Morial v. Judiciary Commission, supra, wherein the Court upheld a similar restriction on judicial officers because it was "reasonably necessary" to accomplish a "legitimate state interest." The Court held that the equal protection clause of the Fourteenth Amendment to the United States Constitution was not violated by the Louisiana statute and the canons of judicial conduct requiring judges resign their position prior to becoming candidates for nonjudicial office.
It is important to note that all county officers in Oklahoma are subject to the same restrictions. Additionally, Oklahoma statutes mandate similar restrictions on District Attorneys and Judges; 19 O.S. 215.8 (1978); 5 O.S. Ch. 1, App. 5, Canon 7(A)(3) (1978).
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: 19 O.S. 131(c) (1978) does notinvidiously discriminate against county officers on its face, andtherefore, does not violate the Equal Protection Clause of theUnited States Constitution.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL